UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN MOTT,

        Petitioner,

v.                                                Case No. 04-10045
                                                     Honorable David M. Lawson

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND TRANSFERRING CASE TO COURT OF APPEALS AS SECOND PETITION**

        The petitioner, Jonathan Mott, filed the present action seeking issuance of the writ of habeas corpus on February 20, 2004 to challenge the denial of a parole hearing. The case was referred to Magistrate Judge Charles E. Binder, who filed his report on February 15, 2005 in which he recommends the petition be transferred to the Sixth Circuit as a second petition. The petitioner filed timely objections, and the Court has conducted a *de novo* review of the matter.

        The petitioner is presently confined at the Ryan Correctional Facility in Detroit, Michigan. In 1978, the petitioner was convicted of two counts of second-degree murder following a jury trial in the Wayne County, Michigan circuit court. He was sentenced to one term of life with the possibility of parole and one term of 25 to 40 years imprisonment.

        In 1994, the petitioner filed a petition for habeas corpus in this Court, case number 94-40407, alleging that the 1992 amendments to the parole laws with respect to prisoners serving parolable life terms violated his rights under the ex poste facto clause because they reduced the frequency of parole hearings. That petition was denied by Judge Stuart Newblatt of this Court, and the Sixth

Circuit affirmed in an unpublished decision. *Mott v. Rivers*, No. 95-2464, 1997 WL 441793 (6th Cir. 1997).

In 2002, the petitioner was denied a parole hearing by the Michigan Parole Board. On September 26, 2003, the petitioner filed a habeas petition challenging the denial. That case was assigned to Judge George Steeh, case number 03-73747. Judge Steeh dismissed the case because the petitioner had not exhausted his state court remedies. The petitioner exhausted his remedies in state court and refiled this current petition challenging the Parole Board's refusal to grant him a public hearing before denying him parole. The petitioner alleges that a policy adopted by the Michigan Department of Corrections (MDOC) in 1994 called "Life Means Life" has resulted in the unfair denial of parole to persons who were previously given parolable life sentences.

The magistrate judge concluded that the Court does not have jurisdiction over the petition because it is a second petition. He observed that district courts may not rule on such petitions without an order from the court of appeals. Because the petitioner has not presented such an order, he concluded that the case must therefore be transferred to the Sixth Circuit. Alternatively, the magistrate judge reports that the petitioner has failed to assert a cognizable claim challenging the conditions of his confinement under 42 U.S.C. § 1983.

In his objections, the petitioner first claims this Court does have jurisdiction pursuant to the Constitution and that failure to consider the legal claims would amount to a miscarriage of justice. The petitioner next claims that he meets the requirements of 28 U.S.C. § 2244(b)(2)(B) because the factual predicate of his current claims did not arise until after his previous petition was filed. The petitioner finally objects to the magistrate judge's conclusion that he has not asserted a cognizable claim.

Section 2244(b)(3)(A), Title 28, United States Code states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The Supreme Court has held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Although the adjudication by Judge Steeh did not address the merits of the petitioner's claims, the petitioner's prior habeas corpus petition before Judge Newblatt was adjudicated on the merits, rendering the present action a "second petition" within the meaning of section 2244(b)(3)(A). The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

This Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Id.* The fact that the petitioner's present argument may meet the requirements of 28 U.S.C. § 2244(b)(2)(B) does not alter the jurisdictional formula. He may be successful in convincing the court of appeals that the factual predicate of his claims could not have been discovered previously. If he is successful, that court likely will authorize his action to proceed in this Court. But this Court

presently has no jurisdiction to adjudicate the petitioner's claims absent an order from the court of appeals authorizing it to do so.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation are **OVERRULED**, and the recommendation [dkt # 15] is **ADOPTED**.

It is further **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: January 16, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 16, 2007

s/Felicia M. Moses
FELICIA M. MOSES

---